## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

HUNG SUN,

      Plaintiff,

      v.

MORTGAGE RESEARCH
CENTER, LLC d/b/a Veterans
United Home Loans and
NATIONSTAR MORTGAGE, LLC
d/b/a Mr. Cooper,

      Defendants.

CIVIL ACTION NO. 1:21-cv-02108

(SAPORITO, M.J.)

## **MEMORANDUM**

This federal civil action was commenced on December 16, 2021, when the plaintiff, Hung Sun, filed a fee-paid *pro se* complaint against his mortgage servicer, Mortgage Research Center, LLC d/b/a Veterans United Home Loans ("Veterans United"). (Doc. 1.) On December 28, 2021, Sun filed a number of documentary exhibits in support of his complaint. (Doc. 5.)

On January 7, 2021, Sun filed a *pro se* amended complaint as a matter of course, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. (Doc. 6.) The amended complaint was *identical* to the original complaint, except that its caption now named Sun's mortgage *lender*,

Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Cooper") instead of his mortgage servicer, Veterans United. (*Id.*) Both defendants, however, are named in the body of the otherwise identical original and amended complaints, and thus we have liberally construed the amended complaint as having named both Veterans United and Cooper as party-defendants. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions). We note that the defendants themselves have done so as well in their motion papers. (*See* Doc. 16 n.1.)

Appearing jointly through counsel, Veterans United and Cooper have moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 16.) The motion is fully briefed and ripe for decision. (Doc. 20; Doc. 23.)

## I. FACTUAL ALLEGATIONS

In his *pro se* pleadings, the plaintiff has alleged that he applied for certification of a disabled veterans' real property tax exemption,[1] which

---

[1] *See generally* 51 Pa. Cons. Stat. Ann. § 8902 (providing an exemption from all real estate taxes levied upon the primary residence of
*(continued on next page)*

was granted effective December 2, 2020.[2] He forwarded a copy of his certification letter to Veterans United, which responded with a written letter acknowledging its receipt of Sun's request to update his escrow analysis to reflect this tax exemption, and advising that the request had been forwarded to the mortgage servicer's tax department for further review. The plaintiff alleges that Veterans United did not, however, modify the escrow payments it collected.

Sun alleges that he then took matters into his own hands and began sending in partial payments—he timely remitted payment of the full amount due for principal and interest plus the portion of the escrow payment attributable to his yearly hazard insurance premium. He withheld payment of the portion of the escrow payment attributable to local real estate taxes and wrote "no real estate tax" on his checks.[3] The

---

a disabled military veteran with financial need); 43 Pa. Code § 5.23 *et seq.* (eligibility criteria and procedure for disabled veterans' real estate tax exemption program).

[2] The plaintiff's *pro se* pleadings actually allege that the exemption was granted effective December 1, 2020, but we have also considered the certification letter itself, submitted by the plaintiff as an exhibit and incorporated by reference into his pleadings, which states that his exemption began effective December 2, 2020—the date when he filed his application for the exemption. (Doc. 5-1, at 2.)

[3] The exhibits submitted by the plaintiff included various
*(continued on next page)*

mortgage servicer accepted and deposited these checks but continued to demand payment of the full escrow amount, including real estate taxes.

At some point, Veterans United mailed written "pre-foreclosure" notices to the plaintiff. Sun then checked his credit report at all three credit reporting agencies—Experian, TransUnion, and Equifax. He found that Veterans United had (allegedly inaccurately) reported his partial payments as deficiencies or late payments, which ruined his credit score. As a result, Sun was unable to secure consumer loans or new mortgage financing.

---

documents that we may not properly consider on a motion to dismiss, including the plaintiff's monthly mortgage statements and printouts from the escrow section of his account on the mortgage servicer's website. *See generally* Fed. R. Civ. P. 12(d). We have, however, considered these documents in connection with our determination of whether the plaintiff should be granted leave to amend. *See Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 350 n.4 (S.D.N.Y. 2016) (considering evidence outside the pleadings for limited purpose of whether to grant leave to amend); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1078 (C.D. Cal. 2009) ("A court may consider factual allegations outside of the complaint in determining whether to grant leave to amend."); *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 445 (S.D.N.Y. 2004). For that limited purpose, we note that the servicer appears to have initially deposited these partial payments into an unapplied funds account, treating them as periodic payments whenever the unapplied funds account accumulated sufficient funds to cover the entire periodic payment due, including the full escrow amount. *See generally* 12 C.F.R. § 1026.36(c)(1)(ii) (addressing mortgage servicer disclosure requirements in connection with processing of partial payments).

For relief, Sun seeks an award of "thousands of dollars" in compensatory damages for the funds collected from him to pay real estate taxes that he purportedly did not owe, plus $5 million in punitive damages.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions

and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III.   DISCUSSION

The defendants' primary argument for dismissal is that the *pro se* plaintiff's pleadings fail to satisfy the most basic pleading requirements of the federal rules, set forth in Rule 8(a) of the Federal Rules of Civil Procedure. In the alternative, the defendants argue that the plaintiff's *pro se* pleadings fail to allege sufficient facts to state a claim either under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, or under state negligence law.

We first consider the defendants' proposition that the pleadings are so unintelligible as to require dismissal under Rule 8(a). Under the

federal rules, a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Moreover, "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). It is also helpful for a plaintiff to number each sentence of the complaint, with each sentence stating a fact that supports the plaintiff's claim for relief. *See* Fed. R. Civ. P. 10(b). Ultimately, a plaintiff must plead facts sufficient to show that his claim has substantive plausibility. *See generally Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (per curiam); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A district court may dismiss a complaint that does not comply with Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther v. State Ky. Officers*, 556 Fed. App'x 91, 92 (3d Cir. 2014) (per curiam) (quoting *Simmons v. Abuzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The defendants contend that this is such a case, but we disagree.

As a *pro se* litigant, this court is obliged to liberally construe the plaintiff's pleadings and consider whether they have articulated a colorable claim arising under federal law. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).[4] "A party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir. 1985); *accord Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, Civil Action No. 2:06-cv-1797, 2014 WL 982848, at *7 n.11 (E.D. Pa. Mar. 13, 2014) (quoting *Maeda Pc. Corp.*). Further, the review of a *pro se* complaint focuses on whether the facts alleged state a claim under *any legal theory*, not just those explicitly named in the complaint. *Small*, 398 F.3d at 898; *Ohuche v. Merck & Co.*, 903 F. Supp. 2d 143, 150 (S.D.N.Y. 2012); *Thiel v. Nelson*, 422 F. Supp. 2d 1024, 1028 (W.D. Wis. 2006).

Here, the gist of the complaint is that the defendants have failed to

---

[4] This is the basic requirement for our exercise of federal question jurisdiction under 28 U.S.C. § 1331. In another case, we might also consider whether a plaintiff presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount set forth in 28 U.S.C. § 1332, but the plaintiff here has not alleged any of the facts necessary for us to make such a determination. *See generally Arbaugh*, 456 U.S. at 513.

properly process the plaintiff's request that they correct the escrow amount being collected in connection with his mortgage payments to accurately reflect his exemption from real estate property taxes, and they have erroneously reported his account to the credit reporting agencies as delinquent, ruining his credit rating and preventing him from obtaining other lines of consumer credit.[5] Based on this, the defendants have themselves inferred FCRA and state-law negligence claims. We further construe the plaintiff's *pro se* pleadings to assert a violation of the servicer's obligations under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and its implementing regulation, Regulation X, 12 C.F.R. part 1024, and state-law breach of contract claims.

## A. RESPA

Under RESPA, a mortgage servicer is required to reasonably

---

[5] We note that the defendants complain also that they are unable to discern what claims are being asserted against each defendant, but it is plainly evident what role each defendant plays—Veterans United is responsible for servicing the plaintiff's mortgage, and Cooper is the mortgage holder or lender, presumably sued on a vicarious liability basis, as no actual conduct by Cooper is alleged.

respond to "qualified written requests." 12 U.S.C. § 2605(e).[6] A "qualified

written request" is

> written correspondence, other than notice on a
> payment coupon or other payment medium supplied by
> the servicer, that . . . includes a statement of the
> reasons for the belief of the borrower . . . that the
> account is in error or provides sufficient detail to the
> servicer regarding other information sought by the
> borrower.

*Id.* § 2605(e)(1)(B). The statute provides that the servicer must provide a

written response acknowledging receipt of the correspondence within five

workdays. *Id.* § 2605(e)(1)(A). For a request raising an error, the statute

requires the servicer to either make the appropriate corrections or

provide a written explanation why the servicer believes the account is

correct within 30 workdays after receiving the qualified written request.

*Id.* § 2605(e)(2).

---

[6] We note that RESPA also includes a section addressing the
establishment and maintenance of an escrow account, limiting the
amount that a loan servicer may require to deposit into escrow, either
initially or on a monthly basis. *See* 12 U.S.C. § 2609(a); *see also* 12 C.F.R.
§ 1024.17(c). But it is well-established that RESPA did not create a
private remedy for violations of § 2609. *See McAndrew v. Deutsche Bank
Nat'l Tr. Co.*, 977 F. Supp. 2d 440, 446–47 (M.D. Pa. 2013); *Sarsfield v.
Citimortgage, Inc.*, 667 F. Supp. 2d 461, 467 (M.D. Pa. 2009); *Herrmann
v. Meridian Mortg. Corp.*, 901 F. Supp. 915, 923 (E.D. Pa. 1995). This
provision and its implementing regulations may only be enforced by the
Consumer Finance Protection Bureau. *See* 12 U.S.C. § 2609(d).

The implementing regulation, Regulation X, further divides "qualified written requests" into two subcategories: "notices of error" addressed by 12 C.F.R § 1024.35 and "information requests" addressed by 12 C.F.R. § 1024.36. Under this regulation, a "notice of error" is "any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." 12 C.F.R. § 1024.35(a). As in the statute, however, "[a] notice on a payment coupon or other payment form supplied by the servicer need not be treated by the servicer as a notice of error." *Id.*

The regulation identifies several different categories of error, including in relevant part:

> (2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
>
> . . . .
>
> (5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower.[7]

---

[7] The pleadings do not allege the imposition of such a fee or charge, but the plaintiff's brief in opposition and exhibits in support of the complaint reference various fees imposed. This particular provision is included for the benefit of the *pro se* plaintiff should he choose to file a second amended complaint.

. . . .

> (11) Any other error relating to the servicing of a borrower's mortgage loan.

*Id.* § 1024.35(b). The regulation imposes essentially the same duties on the servicer to investigate and respond as the statute it implements. *See id.* § 1024.35(d), (e).

Viewed in the light most favorable to the non-moving plaintiff, the *pro se* pleadings allege that, at minimum, Sun provided Veterans United with a notice of error with respect to the collection of escrow payments for real estate taxes after December 2, 2020, when he forwarded a copy of his certification letter to the servicer, the receipt of which was acknowledged by the servicer in writing.[8] On the pleadings, then, the plaintiff has alleged that he provided written notice of error on at least one occasion.

---

[8] Sun also alleges that he made several partial payments and wrote "no real estate tax" on each check. Based on the pleadings, is unclear whether these communications might qualify as notices of error under Regulation X or whether Veterans United acknowledged or responded to them. We note that the allegations suggest that this message was written on Sun's check rather than a payment coupon or other payment form *supplied by the mortgage servicer*, but these allegations also lack the sort of factual specificity (or documentation) required for us to credit them as notices of error.

Once a notice of error is provided by the borrower, the mortgage servicer's obligation under RESPA and Regulation X is clear. "Basically, a servicer must respond by fixing the error, crediting the borrower's account, and notifying the borrower; or by concluding that there is no error based on an investigation and then explaining that conclusion in writing to the borrower." *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1244 (11th Cir. 2016). Based on the allegations of the complaint, Veterans United has done neither.

To state a plausible RESPA claim, a plaintiff must also allege actual damages attributable to the mortgage servicer's violation of the statute or regulation. *Renfroe*, 822 F.3d at 1246. Here, the plaintiff has alleged the servicer's failure to refund thousands of dollars of improperly collected escrow charges. At this, the pleadings stage, this is sufficient. *See id*. Sun has also alleged that the servicer inaccurately reported his account as delinquent to credit reporting agencies, resulting in significant harm to his credit rating and impairing his ability to secure consumer credit.

The plaintiff's demand for punitive damages, however, is not allowed, as a matter of law. RESPA does not authorize punitive damages.

*See* 12 U.S.C. § 2605(f) (authorizing recovery of actual damages and, in the case of a pattern and practice of noncompliance, statutory damages not to exceed $2,000); *Sarsfield v. Citimortgage, Inc.*, 667 F. Supp. 2d 461, 470 (M.D. Pa. 2009).[9]

Finally, we note that the plaintiff has asserted his RESPA claims against the mortgage holder, Cooper, as well. But Section 2605(e) of RESPA imposes duties on loan servicers *only*, and it provides no basis to impose vicarious liability on the loan holder for actions of the servicer. *McAndrew v. Deutsche Bank Nat'l Tr. Co.*, 977 F. Supp. 2d 440, 445–46 (M.D. Pa. 2013). Thus, the plaintiff's RESPA claim as against Cooper will be dismissed.

Accordingly, we find that the *pro se* plaintiff has alleged sufficient facts to plausibly state a claim for actual damages against the mortgage servicer, Veterans United, under RESPA and Regulation X. This claim will be dismissed, however, with respect to the mortgage holder, Cooper, and with respect to the plaintiff's demand for punitive damages under

---

[9] Notably, the currently operative complaint plausibly alleges only a single notice of error to Veterans United, and thus it fails to state a claim for statutory damages, which requires the allegation of facts demonstrating a pattern and practice of noncompliance with RESPA.

RESPA and Regulation X.

### B. FCRA

Congress enacted the FCRA "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010). Under the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

> The FCRA places certain duties on those who furnish information to consumer reporting agencies. Under 15 U.S.C. § 1681s-2(a), for instance, the furnisher of information has a duty to provide accurate information. Additionally, 15 U.S.C. § 1681s-2(b) imposes a duty to conduct an investigation into the completeness and accuracy of the information furnished in certain circumstances.

*SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011).

Here, the plaintiff's *pro se* pleadings allege that the defendants provided inaccurate information to credit reporting agencies, which

seemingly fits within the ambit of § 1681s-2(a). Generally, the FCRA provides a private cause of action for the willful or negligent violation of its provisions. *See* 15 U.S.C. § 1681n (creating civil liability for willful violations of the FCRA); *id.* § 1681*o* (creating civil liability for negligent violations of the FCRA). But the statute expressly excludes § 1681s-2(a) from the private remedies afforded under § 1681n and § 1681*o*. *Id.* § 1681s(2)(c)(1) ("[S]ections 1681n and 1681*o* of this title do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder . . . ."). The power to enforce this provision is limited exclusively to federal and state government regulators. *See id.* § 1681s-2(d). Thus, the plaintiff's allegations fail to state a claim under § 1681s-2(a) as a matter of law, as no private right of action exists under that provision. *See SimmsParris*, 652 F.3d at 358; *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 447–48 (M.D. Pa. 2010).

A private citizen may, however, bring a civil action under § 1681s-2(b), which imposes a duty on furnishers of information to conduct an investigation into the completeness and accuracy of information upon receipt of notice that the information has been disputed. *See* 15 U.S.C.

§ 1681-2(b); *SimmsParris*, 652 F.3d at 358. But the duties imposed on furnishers by this provision are triggered only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681-2(b)(1). "Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer." *SimmsParris*, 652 F.3d at 358; *see also* 15 U.S.C § 1681i(a)(2); *see also Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp. 3d 665, 672 (E.D. Pa. 2015) ("To succeed in a suit arising under § 1681s–2(b), . . .a plaintiff must prove (1) that he notified a [credit reporting agency] of the dispute under § 1681i, (2) that the [credit reporting agency] notified the party who furnished the information[,] . . . and (3) that the party who furnished the information failed to investigate or rectify the disputed charge.").

> Section 1681i(a)(2) requires credit rating agencies—not the consumers themselves—to provide such notice to furnishers within five business days from the time the consumer notifies the credit rating agency of a dispute. Thus, a consumer cannot maintain a claim under subsection (b) of 15 U.S.C. § 1681s-2 based on disputed filed directly with his or her [mortgage servicer or lender]. Rather, the consumer must communicate such disputes to a credit rating agency, which is then obligated to pass them on to the [servicer or lender].

*Burrell,* 753 F. Supp. 2d at 448.

Here, the *pro se* pleadings allege only that the plaintiff notified his mortgage servicer, Veterans United, of the purportedly erroneous collection of escrow payments for real estate tax, and Veterans United failed to correct the issue. There is no allegation that Sun notified a credit reporting agency of the dispute, that the credit reporting agency notified Veterans United of the dispute, or that Veterans United failed to investigate or rectify the disputed charges after receiving such notice. Thus, the plaintiff's allegations fail to state a claim under § 1681s-2(b) as well.

Accordingly, the plaintiff's FCRA claim will be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Negligence

The plaintiff's *pro se* pleadings references negligence as well, which the defendants and the court have liberally construed as the assertion of a state-law negligence claim.

A plaintiff asserting a state-law negligence claim must allege facts to plausibly show: "1) a duty or obligation to conform to a standard of

conduct recognized by law; 2) a breach of that duty by the defendant; 3) a causal connection between the defendant's breach of duty and the resulting injury or harm; and 4) injury or harm suffered by the plaintiff." *Sarsfield*, 667 F. Supp. 2d at 468.

The defendants argue that the plaintiff has failed to plead any legal duty they owed to him, casting the plaintiff's *pro se* efforts as an attempt to plead a negligent breach of contract claim, which is not recognized under Pennsylvania law. But, as discussed above, the plaintiff has alleged facts sufficient to plausibly state a claim for violation of RESPA and Regulation X. The same facts, viewed through the lens of state negligence law, implicate a breach of legal duties imposed on the servicer (Veterans United) by federal statute (RESPA) and regulation (Regulation X). This is sufficient to establish the elements of duty and breach under a negligence *per se* theory. *See id.* at 469 (finding allegations of RESPA violation sufficient to survive motion to dismiss negligence *per se* claim).[10]

---

[10] The defendants do not address the elements of causation or injury in their motion, but, as we previously noted in connection with his RESPA claim, the plaintiff has alleged that the servicer has failed to refund thousands of dollars improperly collected escrow charges, and that the servicer inaccurately reported his account as delinquent to credit reporting agencies, which significantly harmed his creditworthiness.
*(continued on next page)*

The defendants also argue that the plaintiff's negligence claim is barred by Pennsylvania's "gist of the action" doctrine, which precludes litigants from "re-casting ordinary breach of contract claims into tort claims." *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 607 (E.D. Pa. 2008). But, as we have discussed, liberally construed, the plaintiff's *pro se* pleadings have stated a plausible negligence *per se* claim. "Plaintiffs allege that Defendants violated RESPA, a federal statute, and that in so doing they also breached a common law duty of care making them liable in negligence." *Sarsfield*, 667 F. Supp. 2d at 469 n.4 (rejecting defendants' gist of the action argument).

Accordingly, we find that the *pro se* plaintiff has alleged sufficient facts to plausibly state a direct liability claim for negligence against the mortgage servicer, Veterans United, and a vicarious liability claim for

---

With these allegations, we find that the plaintiff has satisfactorily addressed the causation and harm elements as well.

We further note that, unlike the plaintiff's RESPA claim, a state-law negligence claim permits potential recovery of damages from Cooper on a vicarious liability theory, based on the negligent conduct of its agent, Veterans United, in servicing the mortgage loan owned by Cooper. *See generally Spencer v. Johnson*, 249 A.3d 529, 549–50 (Pa. 2021) (discussing the requirements for imposition of vicarious liability). It also permits potential recovery of punitive damages upon showing of evil motive or reckless indifference to the rights of others. *See Sarsfield*, 667 F. Supp. 2d at 471.

negligence against the mortgage holder, Cooper.

### D. Breach of Contract

In defending against the plaintiff's negligence claim, the defendants have argued that the plaintiff's state-law claims sound in contract rather than tort.

A plaintiff asserting a breach of contract claim must allege facts to plausibly show "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages." *Hollenshead v. New Penn Fin., LLC*, 447 F. Supp. 3d 283, 291 n.3 (E.D. Pa. 2020); *see also Oates v. Wells Fargo Bank, N.A.*, 880 F. Supp. 2d 620, 627–28 (E.D. Pa. 2012) (finding borrower stated a plausible breach of contract claim by alleging mortgage lender improperly assessed flood insurance premiums when terms of mortgage required lender to estimate amount of escrow funds due, borrower had secured private flood insurance, and mortgage lender instituted foreclosure proceedings for nonpayment of admittedly unnecessary flood insurance premiums).

In this case, the existence of a contract is beyond dispute, but the plaintiff has failed to allege *any* of the essential terms of the mortgage contract giving rise to the relationship between the plaintiff and the

defendants. Nor has he submitted a copy of the mortgage agreement as an exhibit in support of his pleadings. Without more specific factual allegations concerning the terms of the contract, or a copy of the contract itself, the court is unable to determine what duties are imposed on the lender or servicers with respect to the collection or processing of real estate taxes or other escrow charges, or whether such duties have been breached. Under these circumstances, the plaintiff has failed to state a plausible state-law claim for breach of contract. *See Geesey v. CitiMortgage, Inc.*, 135 F. Supp. 3d 332, 344 (W.D. Pa. 2015) (finding plaintiff failed to state a plausible claim for breach of contract because she failed to allege the essential terms of the purported contract).

### E. Leave to Amend

Given the plaintiff's *pro se* status, and finding that a curative amendment would not be futile, we will grant the plaintiff leave to file an amended complaint by a date certain. If the plaintiff fails to timely file an amended complaint, this action will proceed to discovery on the amended complaint, liberally construed to assert: (1) a claim for actual damages against the mortgage servicer, Veterans United, under RESPA and Regulation X; (2) a direct liability claim for negligence against the

mortgage servicer, Veterans United, seeking compensatory and punitive damages; and (3) a vicarious liability claim for negligence against the mortgage holder, Cooper, seeking compensatory and punitive damages.

## IV.   CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (Doc. 16) will be granted in part and denied in part. The plaintiff's FCRA and state-law breach of contract claims will be dismissed. The plaintiff's claim against Cooper under RESPA and Regulation X will be dismissed. The plaintiff's claim for punitive damages against Veterans United under RESPA and Regulation X will be dismissed, but his claim for actual damages against Veterans United under RESPA and Regulation X will proceed to discovery. The plaintiff's negligence claims against both defendants for compensatory and punitive damages will proceed to discovery.

An appropriate order follows.

Dated: September 27, 2022          *s/Joseph F. Saporito, Jr.*
                                    JOSEPH F. SAPORITO, JR.
                                    United States Magistrate Judge